[798 NYS2d 102]

In the Matter of STAN D. MILLER (Admitted as STAN DARCY MILLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 27, 2005

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is submitted voluntarily, free from coercion and duress, and with full awareness of its implications, including being barred by Judiciary Law § 90 and the applicable Court rules from seeking reinstatement for a period of at least seven years. He is aware that he is currently the subject of a disciplinary proceeding authorized by the Appellate Division, Second Department, based upon, inter alia, his failure to respond to requests made by the petitioner during its investigation concerning a dishonored check notice issued against an essentially inactive attorney escrow account he maintained, as well as a sua sponte complaint initiated with respect to his failure to maintain his attorney registration. The respondent was under the erroneous impression that he was no longer required to maintain his registration while suspended. He recognizes that this does not excuse his conduct.

The petitioner's investigation alleges that the respondent may have breached his fiduciary duties and failed to adhere to the requirements of suspended attorneys. The respondent is further aware that he is currently the subject of pending complaints by Erickson Prevost, Guy Prevost, and John A. King, alleging that he solicited various sums of money from the complainants for investment purposes and ignored their inquiries and/or failed to return the sums involved, and by David B. Bruckman alleging that he failed to pay a default judgment entered against him.

The respondent acknowledges that he has been served with a petition and supplemental petition which allege, inter alia, that he failed to cooperate with the petitioner's investigations, failed to maintain his attorney registration, and failed to maintain a duly-constituted attorney escrow account. He further acknowledges that he could not successfully defend himself on the merits of such charges.

The respondent is aware that the Appellate Division, in any order permitting him to resign, may require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) (a) may be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner notes that the respondent has reviewed his resignation with his counsel, Richard Grayson, and supports acceptance of the resignation as being in the best interests of the public.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The previously authorized disciplinary proceeding against the respondent is discontinued in light of his resignation.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the resignation of Stan D. Miller, admitted as Stan Darcy Miller, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stan D. Miller, admitted as Stan Darcy Miller, is

disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stan D. Miller, admitted as Stan Darcy Miller, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stan D. Miller, admitted as Stan Darcy Miller, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Stan D. Miller, admitted as Stan Darcy Miller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated October 9, 2002, is discontinued.